A99A1712. IN THE INTEREST OF J. M. S. M., a child.
(523 SE2d 357)

JOHNSON, Chief Judge.

In order to terminate parental rights, a juvenile court must find clear and convincing evidence of present parental misconduct or inability, not merely evidence of past parental unfitness.[1] The Cobb County Juvenile Court, in terminating the parental rights of the mother of J. M. S. M., relied on evidence that the mother is currently on felony probation, has an eighteen-year criminal record that includes numerous convictions and probation revocations, has abused cocaine and alcohol for over twenty years, does not have custody of her five other children and had her parental rights to two of those children terminated after they tested positive for cocaine at birth, is on medication for chronic depression, does not have a job and is unable to work because of her depression. Was the court's finding that J. M. S. M. is deprived due to the present lack of parental control and care supported by sufficient evidence? We hold that it was and affirm the court's order terminating the mother's parental rights.

The mother began using alcohol when she was ten years old, marijuana when she was eleven, and cocaine when she was fourteen. She dropped out of school in eighth grade and left home. She has lived apart from her family since then, committing numerous thefts to help support her drug habits.

In 1981, at the age of twenty, she was convicted of eleven counts of forgery and was given a seven-year probated sentence. A few months later she was convicted of another forgery offense, and three years of her probation were revoked. In 1984, her probation was again revoked. From 1990 until 1992 she had at least three theft by shoplifting convictions.

Although the record does not give exact dates, the mother gave birth to a baby boy around 1990 and to twin girls around 1991. The boy does not have the same father as the girls. Some time before October 1993, the three children were placed in the custody of their

---

[1] *In the Interest of J. L. M.*, 204 Ga. App. 46, 47 (1) (418 SE2d 415) (1992).

maternal grandmother.

A third man fathered the mother's next two children, P. M. and R. M. In 1993, P. M. was born and, along with the mother, tested positive for cocaine. And in 1994, R. M. was born addicted to cocaine. In 1995, P. M. and R. M. were found to be deprived, the mother was found to be an unfit parent, and her parental rights to those two children were terminated. P. M. and R. M. were eventually adopted by their aunt.

In 1996, the mother was convicted of felony shoplifting, and her probation was once again revoked. During that year, she was diagnosed as being a long-term cocaine and alcohol addict. She spent three months that year in a drug rehabilitation clinic.

In 1997, while pregnant with J. M. S. M., the mother was homeless and living in a camp with other homeless people. She was arrested for shoplifting and later claimed that she had needed a place to stay so she committed the crime in order to be sent to jail. She was eventually convicted of the shoplifting charge and given a total sentence of 15 years. Due to her pregnancy, she was released from jail and was given the probated sentence she is currently serving. In 1998, she gave birth to J. M. S. M., who was taken into the custody of the state and temporarily placed with the same aunt who has R. M. and P. M.

After the birth, the mother was hospitalized for depression. She currently takes two antidepressant medications. She lives with a relative, but is unable to pay any rent or other expenses because she does not have a job. In fact, she has not held a job for several years. The mother claims that she cannot work due to her depression, but that she receives Social Security benefits and food stamps.

The state filed a petition to terminate the parental rights of both the mother and father of J. M. S. M. After a hearing on the petition, the court found that the father's whereabouts are unknown and terminated his parental rights. The court also found that the mother is an unfit parent and terminated her parental rights. She appeals from the order of termination.

Although the mother sets forth three enumerations of error, in her appellate brief her sole argument is that there is no evidence of her present lack of parental ability causing J. M. S. M to be deprived, but only evidence of her past parental unfitness. The argument is without merit.

In determining if a child is deprived because he is currently without proper parental care and control, a court shall consider evidence of a parent's mental or emotional health deficiency, history of drug abuse, felony convictions and imprisonment, and past abuse or

neglect of another child.[2] In the instant case, there is evidence of all these factors.

There is evidence that the mother is now serving a lengthy felony probation sentence, she is addicted to cocaine and alcohol, she is on antidepressant medications, she is unemployed and claims that she is unable to work because of her depression, her only income is government assistance, and she cannot afford housing and instead is living in a relative's apartment. All these facts support the juvenile court's finding of present parental inability.

Moreover, the juvenile court was not required to reunite J. M. S. M. with the mother in order to obtain current evidence of deprivation or neglect.[3] Rather, the court properly determined that the child's deprivation is likely to continue due to the mother's past unfitness as evidenced by her history of crime, drug use, homelessness, joblessness, and having had her parental rights terminated as to the two children born addicted to cocaine. The court was entitled to infer from the evidence that, despite the mother's best efforts, the same pattern of deprivation would continue if the child were reunited with the mother.[4]

On appeal from a juvenile court order terminating parental rights, this court must review the evidence in the light most favorable to the court's order to determine if a rational trier of fact could have found clear and convincing evidence that the parental rights have been lost.[5] Having reviewed the evidence in that light, we conclude that the juvenile court was authorized to find sufficient evidence that the mother's present parental inability is the cause of J. M. S. M.'s deprivation.[6] The order of termination is therefore affirmed.

*Judgment affirmed. McMurray, P. J. and Phipps, J., concur.*

DECIDED OCTOBER 6, 1999.

*Baskin & Baskin, Brenda Godfrey, William E. Brewer*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General,*

---

[2] OCGA § 15-11-81 (b) (4) (B) (i)-(v).
[3] *In the Interest of J. S.*, 232 Ga. App. 876, 879 (1) (502 SE2d 788) (1998).
[4] See *In the Interest of S. J. C.*, 234 Ga. App. 491, 493 (1) (507 SE2d 226) (1998).
[5] *In the Interest of N. J. W.*, 233 Ga. App. 130 (503 SE2d 366) (1998).
[6] See *In the Interest of B. D.*, 236 Ga. App. 119, 120-121 (1) (511 SE2d 229) (1999).

*Shalen A. Sgrosso, Assistant Attorney General, Sanders B. Deen, Robert J. Grayson*, for appellee.